JENKINS et al., Appellees,

v.

SHAFFER et al., Appellants.

[Cite as *Jenkins v. Shaffer,* 152 Ohio App.3d 605, 2003-Ohio-2209.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2002 CA 79.

Decided May 2, 2003.

Valerie R. Wilt, for appellees.

Linda S. Stukey, for appellants.

FREDERICK N. YOUNG, Judge.

{¶ 1} Gary W. Shaffer and his wife and the company they own are appealing from the judgment of the trial court overruling their motion to find the attorney for the plaintiffs guilty of frivolous conduct and requesting attorney fees.

{¶ 2} This matter began on June 24, 1998, when Roger Jenkins filed a complaint against the Shaffers and their corporation, G & S Manufacturing, Inc., alleging a variety of claims concerning his employment by the corporation and promises by the Shaffers to sell him stock in the company, inter alia. The complaint was filed by attorney Valerie R. Wilt, the target of the defendants' charge of frivolous conduct. The complaint was duly answered by the defendants, who also filed a counterclaim and subsequently added Jenkins's wife, Pamela Sue Jenkins, as a third-party defendant upon motion. The matter was vigorously litigated for almost three years, including cross-motions for summary judgment.

{¶ 3} The trial court eventually overruled all motions and on October 5, 2001, referred the case to the Clark County Common Pleas Mediation Office. In the course of the litigation, both parties filed cross-motions for sanctions.

{¶ 4} A jury had already been impaneled to hear the matter when, at the last minute, all parties entered into a *"SETTLEMENT AND DISMISSAL."* Included in this document was a dismissal, *with prejudice,* (emphasis supplied) of any and all claims any party had against the others and mutual pledges of silence, that is, a pledge not to discuss with anyone the factual bases or allegations that formed the matter or matters which prompted the original complaint and counterclaim. The parties further agreed that all claims from both sides were still disputed and no admissions of liability were made, and also agreed upon a payment of $200 by Roger Jenkins to G & S Manufacturing, Inc. The parties agreed that they would split the remaining court costs and that each of the parties was responsible for his or her own attorney fees and costs incurred in this case. They mutually released each other "from any and all claims pending in the above captioned case, or arising out of those claims, whether they be known or unknown at this time." (Agreement, paragraph 8, docket 60.) Finally, the parties agreed that this agreement would be presented to the court and made the "FINAL ORDER" of the court. This document was filed on July 8, 2002, and was signed by all parties and their attorneys, and the judge as well.

{¶ 5} Only 21 days later, the defendants, represented by counsel, filed with the court a "REQUEST FOR A FINDING OF FRIVOLOUS CONDUCT AND ATTORNEY FEES, INTER ALIA." The defendants claimed that the plaintiffs engaged in a malicious harassment campaign against them and that "the claims made by Plaintiffs' Counsel were not warranted under existing law and could not be supported by a good faith argument for extension, modification, or reversal of existing law, nor could they be supported by a good faith argument for the establishment of new law." (Docket 61.) This "request" was made pursuant to the frivolous conduct statute, R.C. 2323.51 et seq. Attorney Valerie R. Wilt filed a motion to strike the request for a finding of frivolous conduct and an

accompanying memorandum. Wilt claimed first that she was not a proper party to this action and moved to strike herself as a party under Civ.R. 12(F). She further argued, first, that the court had no jurisdiction, since no judgment was ever entered in this case; second, that defendants waived this claim by executing the settlement agreement and filing it with the court; and third, that attorney fees were already covered in the settlement agreement. The court overruled the defendants' request for a finding of frivolous conduct and for attorney fees in the following judgment:

{¶ 6} "Defendant's request for a finding of frivolous conduct and attorney fees is OVERRULED.

{¶ 7} "At the outset, it should be noted, that defendant's motion is directed at Attorney Valerie Wilt. Valerie Wilt was trial counsel for the plaintiff. She is not a named party in this action and no motion has been filed to add her as a party in this action.

{¶ 8} "Therefore, the Court finds, the motion of Attorney Valerie Wilt, to strike her as a party herein is well taken and is SUSTAINED.

{¶ 9} "Considering the merits of defendant's motion, the record reflects that this case was resolved by a settlement agreement and dismissal on July 8, 2002. The settlement was reached after a jury was impaneled but prior to any evidence being presented.

{¶ 10} "Thus, the case did not proceed to judgment on any of the claims. Since no judgment was taken by any party and all claims were settled, the relief requested by the defendant is not authorized under Ohio Revised Code Section 2323.51 effective July 6, 2001.

{¶ 11} "The Court finds the settlement agreement signed by all parties, their counsel, and the Court expressly waived any further claims and allocated to the parties their respective fees and costs.

{¶ 12} "The Court finds that no judgment was rendered in favor of any party in this case, since all claims were settled prior to any judgment, the settlement waives any right for recovery under Ohio Revised Code Section 2323.51.

{¶ 13} "Based on the foregoing, the Court need not address the issue of whether or not the defendant can meet the burden of proof for a frivolous conduct claim.

{¶ 14} "This is a final appeal order, there is no just cause for delay." (Docket 64.)

{¶ 15} On appeal, the defendants bring the following sole assignment of error:

{¶ 16} "The trial court erred as a matter of law when it found that it had no jurisdiction to hear defendant/appellant's motion for frivolous conduct against the

attorney for the plaintiff/appellee. Such interpretation ignores the plain language of ORC 2323.51 and is contrary to recent case law."

{¶ 17} We overrule the assignment of error and affirm the trial court's judgment, although not necessarily for all the reasons stated. We find that the settlement agreement was designed to and did bring a final end to this tortuous litigation and any claims by each against the other, including one for frivolous conduct, were waived and released permanently. If the trial court had to inquire into the merits of the arguments regarding frivolous conduct, it would necessarily have to conduct an inquiry into the merits of the case originally brought by Jenkins and his attorney, which is the very thing the settlement agreement was designed to foreclose forever. One's eyebrows have to be raised when the defendants and their attorney agree in writing to finally settle a case, dismissing and waiving all claims against the plaintiff and then turn around and file an action which calls into question the merits of those very claims the plaintiffs had originally made. We look askance at the conduct of the defendants and their attorney in this matter, but we shall make no judgment on it.

{¶ 18} The question of whether the frivolous conduct statute allows such a claim over a case that has been settled and did not proceed to a judgment by a court, we leave to another day.

{¶ 19} The judgment is affirmed.

Judgment affirmed.

FAIN, P.J., and BROGAN, J., concur.